## WILLIAMS *et al. vs.* WALKER *et al.*

Where a testator nominates two executors—one of whom only qualifies, employs an attorney in behalf of the estate, and dies before the services are paid for, and the other executor qualifies, he is liable to be sued as such in a Court of Law for the fee.

Assumpsit, in Upson Superior Court.   Decision by Judge Cabaniss, at the May Term, 1860.

Henry Williams, as executor of John Macpherson Berrien, brought an action of assumpsit, in the Superior Court of Upson county, against Nathaniel F. Walker, as executor of Allen M. Walker, alleging in his declaration:

That on the 21st day of June, 1849, Allen M. Walker died, leaving a nuncupative will, by which Jesse L. Owen and Nathaniel F. Walker were nominated executors; that, in the opinion of said executors, it became necessary to obtain the services of eminent counsel in the matter of setting up and proving said nuncupative will, and having the same established, and admitted to record as the last will and testament of said Allen M. Walker; that, in conformity to said opinion, the said Jesse L. Owen and Nathaniel F. Walker engaged the professional services of the said John Macpherson Berrien, and then, to wit: on the 15th of November, 1849, and afterwards on the 1st day of November, 1855, undertook and promised to pay to the said Berrien, then in life, whatever said services might be reasonably worth; that, at considerable trouble, inconvenience and expense, the said Berrien prepared an elaborate opinion in writing, touching the character, requisites and proof of nuncupative wills under the laws of Georgia, which opinion the said Berrien forwarded to the said Jesse L. Owen, and the said opinion so prepared was, at the special instance and request of the said Jesse L. Owen and Nathaniel F. Walker, read before the Hon. John J. Floyd, who presided at the trial of the questions, as to the character, validity and sufficiency of said nuncupative will; that said written opinion was of great importance and value in procuring a decision in favor of said nuncupative will, which was adjudged to be the true last will and testament of the said Allen M. Walker, and as such was established and admitted to record in the proper Court; that the

ATTORNEY'S LIEN. "The attorneys had a lien upon the land recovered by their services at common law and by our statute. 14 Ga. 59; 29 Id. 185; 31 Id. 195; 56 Id. 281; Civil Code of 1895, §2814." Wilson *v.* Wright, 72 Ga. 849.

said Jesse L. Owen then qualified as executor of said will, and assumed the execution of the same, and as such became liable to pay for said services, which, the plaintiff alleges, were worth the sum of five hundred dollars; that, on the 1st day of November, 1855, Jesse L. Owen died without having paid said sum or any part of it; that, since the death of said Owen, the said Nathaniel F. Walker has qualified as executor of said nuncupative will and assumed the execution thereof, and as such is liable to pay for the said services, but refuses to pay the same or any part of it.

The defendant demurred to the declaration, and moved to nonsuit the same, upon the ground: That the contract sued on having been made with Jesse L. Owen, one of the nominated executors of Allen M. Walker, who qualified as such after the will was set up, and has since died; that the present defendant is not liable, either in his individual or representative character in said action, and that Allen M. Walker's estate is not liable.

The presiding Judge sustained the demurrer, and passed the following order:

"On motion of counsel for defendant, it is ordered by the Court, that a nonsuit be and is hereby awarded, on the ground that there is no privity of contract between the plaintiff's intestate and the defendant."

The plaintiff alleges that said decision is erroneous, and asks a reversal of the same.

P. W. ALEXANDER, PEEPLES & CABANISS, for the plaintiff in error.

J. M. SMITH, by A. W. HAMMOND, for the defendant in error.

By the Court.—LUMPKIN, J., delivering the opinion.

This action was brought by the executor of the late Judge Berrien, to recover a fee for professional services rendered the estate of Allen M. Walker, deceased. Allen M. Walker nominated two executors, Jesse L. Owen and Nathaniel F. Walker. At first, Owen only qualified, and it was Owen who employed Judge Berrien. Since the services were rendered, and as to the value of which there is no dispute, Owen

Williams et al. vs. Walker et al.

has died and Nathaniel F. Walker has qualified. The action is brought against him. The Court nonsuited the case upon the ground, that Nathaniel F. Walker was not bound, either personally or representatively, for this fee.

While we are clear, of course, that there is no individual liability attaching to the defendant, we entertain no doubt that the estate he. represents is responsible. Were not the services rendered the estate? Why should the estate not pay for them? How is it, that in the distribution of intestates' estates fees of counsel are always ranked amongst the debts of the first dignity, and that this fee is not collectable?

Suppose Mr. Owen, in his lifetime, had brought ejectment or trover to recover the land or negroes of the deceased, must not the estate be responsible for the fees of the attorney? Undoubtedly; and so for any other professional service. Or, suppose the land and negroes were directed by the will to be kept together, and worked on the plantation, would not the estate be liable for the owner's wages? (*Williams on Ex's.* 1580. 2 *Penn. Rep., Sterrill's case,* 426. *Boyston vs. Boyston,* 29 *Geo. Rep.* 101.)

It is conceded that the fee could be recovered by a proceeding in equity—why not at common law? Why perpetrate the folly of compelling the estate of Judge Berrien to proceed first against the estate, and thus drive the estate of Owen to go against the estate of Allen M. Walker for reimbursement? .The law justly abhors such circuity.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed upon the ground, that the Court erred in awarding a nonsuit. It is further ordered and adjudged, that the nonsuit be set aside and the case reinstated.